Case 2:17-cv-00337   Document 17   Filed on 12/28/17 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
December 28, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-337 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff Michael Garrett is a Texas inmate appearing *pro se* in this prisoner Civil Rights case. His original application to proceed *in forma pauperis* ("IFP") was denied pursuant to the three strikes rule and his case was dismissed. (D.E. 8). Pending is Plaintiff's application to proceed IFP on appeal. (D.E. 15). The undersigned respectfully recommends Plaintiff's motion be **DENIED** for the reasons set forth below.

### I. JURISDICTION

This is a prisoner civil rights case before the court on federal question jurisdiction pursuant to 28 U.S.C. § 1331. The case has been assigned to the undersigned magistrate judge for case management and making recommendations on dispositive matters pursuant to 28 U.S.C. § 636.

### II. BACKGROUND

Plaintiff is assigned to the Texas Department of Criminal Justice McConnell Unit in Beeville, Texas. He filed this action on October 26, 2017, complaining of correctional

officers' use of tactical strobe lights and flash lights, a lack of sufficient emergency call buttons, and being occasionally staged in an area lacking air conditioning even though he is a medical patient.  On November 2, 2017, Senior United States District Judge Hilda Tagle denied Plaintiff's original motion to proceed *in forma pauperis* pursuant to the Prison Litigation Reform Act, three strikes rule, 28 U.S.C. § 1915(g).  (D.E. 8).  The Court considered Plaintiff's allegations and found Plaintiff was not in imminent danger of physical harm and, therefore, could not proceed without prepayment of the filing fee. *Id*. Plaintiff filed his notice of appeal on November 15, 2017. (D.E. 11).  Final Judgement was entered on November 20, 2017.  (D.E. 12).  On December 20, 2017, Plaintiff filed a motion to proceed *in forma pauperis* on appeal.  (D.E. 15).

### III. LEGAL ANALYSIS

Plaintiff has had at least four cases dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  (D.E. 8).  He is barred from proceeding IFP unless he is under imminent harm of serious bodily danger.  28 U.S.C. § 1915(g). This rule applies equally to Plaintiff's original IFP application and to his IFP application on appeal.  28 U.S.C. § 1915(g).  The Court has previously determined Plaintiff is not in imminent danger of physical harm.  Nothing in Plaintiff's pending motion warrants a reconsideration of that ruling.

### IV. RECOMMENDATION

Plaintiff has lost the privilege of proceeding IFP, and he has failed to establish that he is in imminent danger of physical harm at the time he filed the complaint.

Accordingly, it is respectfully recommended that Plaintiff's motion for leave to proceed on appeal IFP (D.E. 15), be **DENIED**.

Respectfully submitted this 28th day of December, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).