Case 2:17-cv-00337   Document 26   Filed on 10/04/18 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
October 04, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-337 |
| | § | |
| LORIE DAVIS, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION
### TO DENY PLAINTIFF'S RULE 60(b)(3) MOTION

Plaintiff Michael Garrett is a Texas inmate appearing *pro se* in this civil rights action. Pending is Plaintiff's motion seeking relief from the final judgment pursuant to Federal Rule of Civil Procedure 60(b)(3). (D.E. 25). For the reasons stated below, it is respectfully recommended that Plaintiff's motion (D.E. 25) be **DENIED**.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). The allegations in Plaintiff's civil rights action, filed on October 26, 2017, arose in connection with his assignment to the McConnell Unit in Beeville, Texas. Plaintiff complained about the use of tactical strobe lights and flash lights by McConnell Unit officers, a lack of sufficient emergency call buttons, and his occasionally staging in areas without air conditioning even though he was a medical patient.

On November 2, 2017, Senior United States District Judge Hilda Tagle denied Plaintiff's original motion to proceed *in forma pauperis* pursuant to the three strikes rule

set forth in 28 U.S.C. § 1915(g). (D.E. 8). Upon consideration of Plaintiff's allegations, the Court found Plaintiff was not in imminent danger of physical harm at the time he filed his complaint and, therefore, could not proceed without prepayment of the filing fee. (D.E. 8, pp. 3-4). Plaintiff filed his notice of appeal on November 15, 2017. (D.E. 11). Final judgement was entered on November 20, 2017. (D.E. 12).

On December 20, 2017, Plaintiff filed a motion to proceed *in forma pauperis* on appeal. (D.E. 15). On December 28, 2017, the undersigned recommended that Plaintiff's motion be denied, concluding that Plaintiff had lost the privilege of proceeding *in forma pauperis* and had failed to establish that he was in imminent danger of physical harm at the time he filed the complaint. (D.E. 17). On January 31, 2018, District Judge Tagle adopted the undersigned's recommendation. (D.E. 20). On July 7, 2018, the Fifth Circuit Court of Appeals also denied Plaintiff's motion to proceed *in forma pauperis* on appeal and dismissed his appeal. (D.E. 24).

Plaintiff moves for relief from the Court's Final Judgment pursuant to Rule 60(b)(3). Under this subsection of Rule 60(b),[1] Plaintiff may obtain relief from a final judgment if he can show "fraud …, misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Plaintiff claims that TDCJ officials engaged in fraud and misrepresentations by moving him from the prison building where the "inhumane civil conditions continually reside[d]" during the course of the litigation (D.E. 25, pp. 1-

---

[1] Rule 60(b) of the Federal Rules of Civil Procedure sets out the following grounds for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) satisfaction, discharge, or release of the judgment; or (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b)(1)-(6).

2). According to Plaintiff, his temporary transfer to a more livable space during the pendency of this case ensured that the Court would not find that Plaintiff was in imminent danger of physical harm. (D.E. 25, p. 2).

Plaintiff's argument seeking relief from the final judgment is without merit. The Court's finding that Plaintiff had failed to establish imminent danger of physical harm was not based on any allegation that he had been temporarily relocated to another building. Rather, based on Plaintiff's allegations, the Court concluded that: (1) the TDCJ had been attentive to Plaintiff's medical needs by providing effective medication for Plaintiff's seizures; and (2) Plaintiff's complaints about insufficient emergency call buttons and areas where there lacked air conditioning did not amount to a genuine emergency. Plaintiff otherwise raises nothing to suggest that he was in imminent danger of serious harm at the time he filed his complaint or that TDCJ officials at the McConnell Unit engaged in fraud or any misconduct sufficient to warrant relief from the final judgment.

Accordingly, it is respectfully recommended that Plaintiff's motion seeking relief pursuant to Rule 60(b)(3) (D.E. 25) be **DENIED**.

ORDERED this 4th day of October 2018.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).